UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-12721-RGS

RANDOLPH E. GREEN

v.

THOMAS J. MAY, PRESIDENT
BOSTON EDISON COMPANY DBA
NSTAR ELECTRIC CORPORATION OF MASSACHUSETTS

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

February 25, 2005

STEARNS, D.J.

Pro se plaintiff Randolph Green brought this suit against Thomas J. May, the President of Boston Edison Company d/b/a NSTAR Electric (NSTAR),[1] alleging violations of the Fair Debt Collection Practices Act (FDCPA), the Federal Civil Rights Act, 42 U.S.C. § 1983, and common-law claims of abuse of process, intentional infliction of emotional distress, and civil conspiracy. By way of background, NSTAR brought suit against Green in the Roxbury District Court seeking to recover $8,213.46 in allegedly unpaid utility bills. Green countered by filing a lawsuit identical to this one in the Roxbury District Court where on January 5, 2005, after a hearing, it was dismissed. Presumably in anticipation of the

---

[1] Although May is the only named defendant, it seems apparent that Green meant to name NSTAR as well. In his opposition to the motion to dismiss, Green alleges that May also serves as the "Chief Justice of the Brookline District Court" and in that capacity is laboring under a conflict of interest as he is also the defendant in this suit. By coincidence, both the President of NSTAR and the First Justice of the Brookline District Court are named Thomas J. May. They are not, however, the same person.

dismissal, on December 29, 2004, Green filed this copycat lawsuit in the federal district court.

The Complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. There are three reasons for the dismissal. (1) Plaintiff does not plead a "false, deceptive, or misleading representation or means" as required under 15 U.S.C. § 1692e. It is not a violation of the FDCPA to bring suit in a court of law to collect a debt. See Whayne v. U.S. Dept. of Educ., 915 F.Supp. 1143, 1145 (D. Kan.1995). (2) NSTAR is a private corporation and not a state actor. As such, it lacks the legal capacity to commit a constitutional tort actionable under 42 U.S.C. § 1983. (3) Thomas J. May is improperly named as a defendant in his corporate capacity as the President of NSTAR. As jurisdiction is asserted under 28 U.S.C. § 1331, and no viable federal question remains in the case, the court will dismiss the suit in its entirety. 28 U.S.C. § 1367(c)(3); Mercado-Garcia v. Ponce Federal Bank, 979 F.2d 890, 896 (1st Cir. 1992).[2]

---

[2] An independent basis for dismissal also exists under the doctrine of Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and D.C. Ct. of App. v. Feldman, 460 U.S. 462 (1983), as Green's suit in effect is an appeal of the Roxbury District Court's dismissal of his state action. I further note that even if jurisdiction existed over the common-law claims, their viability is dubious. There is no allegation that by filing suit NSTAR sought to accomplish any other purpose than the apparent end of the litigation process itself. Ladd v. Polidoro, 424 Mass. 196, 199-200 (1997). Filing a lawsuit does not constitute profoundly shocking conduct of the kind that would subject a defendant to liability for the intentional infliction of emotional distress. See Sena v. Commonwealth, 417 Mass. 250, 264 (1994). Finally, a conspiracy requires concerted action; NSTAR cannot conspire with itself. See Attorney General v. Tufts, 239 Mass. 458, 493-494 (1921).

## ORDER

For the foregoing reasons, the defendants' motion to dismiss is <u>ALLOWED</u>.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE