MANDATE

# United States Court of Appeals
## For the First Circuit

No. 05-1482

RANDOLPH E. GREEN,

Plaintiff, Appellant,

v.

BOSTON EDISON COMPANY,
D/B/A NSTAR ELECTRIC CORPORATION OF MASSACHUSETTS,
AND THOMAS J. MAY,

Defendants, Appellees.

Before

Selya, Lynch, and Lipez, Circuit Judges.

JUDGMENT

Entered: November 25, 2005

We affirm the judgment substantially for the reasons recited by the district court in its February 25, 2005 decision, adding only the following comments. Green's principal argument on appeal--that the district court's orders and NSTAR's filings were unsigned and thus without legal effect--is mistaken. All such documents contained the appropriate signatures. The fact that the computer-generated court orders indicated the judge's or clerk's signature with the notation "/s/" may have led to Green's confusion.

Green's claims against NSTAR under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692o, fail for an additional reason apart from those mentioned below. Although he never cites to the correct section, Green is correct that the FDCPA contains a debt-verification notice requirement. See id. § 1692g.

Yet that provision, like all other parts of the FDCPA, applies only to "debt collectors" as opposed to "creditors." See id. §§ 1692a(4) & 1692a(6) (defining those terms); see, e.g., Randolph v. IMBS, Inc., 368 F.3d 726, 729 (7th Cir. 2004) ("A distinction between creditors and debt collectors is fundamental to the FDCPA, which [with one exception not here relevant] does not regulate creditors' activities at all."); Montgomery v. Huntington Bank, 346 F.3d 693, 699 (6th Cir. 2003) (same); Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379, 403 (3d Cir. 2000) (same). NSTAR here falls into the category of creditor. See, e.g., Nielsen v. Dickerson, 307 F.3d 623, 634 (7th Cir. 2002) ("creditors who are attempting to collect their own debts generally are not considered debt collectors"). Green's reliance on § 1692g (and on the FDCPA generally) is thus misplaced. See, e.g., Thomas v. Law Firm of Simpson & Cybak, 392 F.3d 914, 917 (7th Cir. 2004) (en banc) ("the FDCPA makes debt collectors, but not creditors, responsible for notifying debtors of their validation rights").

Finally, Green's motion for default judgment, NSTAR's responsive motion for sanctions, and Green's motion for reconsideration of the decision to dispense with oral argument are each *denied*.

Affirmed.

**Certified and Issued as Mandate under Fed. R. App. P. 41.**

Richard Cushing Donovan, Clerk

*[signature]*
Deputy Clerk

Date: DEC 14 2005

By the Court:

Richard Cushing Donovan, Clerk.

By: MARGARET CARTER
_____
Chief Deputy Clerk.

[cc: Randolph E. Green, Thomas M. Palmer, Esq.]